1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**

10         **NORTHERN DISTRICT OF CALIFORNIA**

11            **SAN FRANCISCO DIVISION**

12

13    AMRIT KOHLI,                              Case No. 13-cv-04305 NC

                  Plaintiff,
14                                              **ORDER GRANTING MOTION TO**
                                                **DISMISS WITH LEAVE TO**
15         v.                                   **AMEND; ORDER TO SHOW CAUSE**
                                                **WHY COURT SHOULD NOT**
16    SAN FRANCISCO POLICE                      **DISMISS FOR FAILURE TO**
      DEPARTMENT,                               **PROSECUTE**
17
                  Defendant.
18                                              Re: Dkt. No. 9

19

20

21         This action arises from allegedly improper arrests and mental health detentions

22    executed by the San Francisco Police Department.  Pro se plaintiff Amrit Kohli brings suit

23    under 42 U.S.C. § 1983 for federal civil rights violations and under California law for civil

24    rights violations, false imprisonment, defamation, intentional infliction of emotional

25    distress, and negligent infliction of emotional distress.  The City and County of San

26    Francisco move to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the

27    alternative, for a more definite statement under Rule 12(e).  The issues before the Court are

28    (1) whether Kohli alleges sufficient facts to plead his § 1983 claim and state law claims, and

1  (2) whether the City is statutorily immune from the defamation, intentional infliction of

2  emotional distress, and negligent infliction of emotional distress claims.  Because Kohli

3  does not allege sufficient facts to plausibly plead the federal and state law claims, and

4  because it is unclear whether the City is immune from the defamation, intentional infliction

5  of emotional distress, and negligent infliction of emotional distress claims on the facts of

6  the complaint, the Court grants the City's motion to dismiss with leave to amend.  Kohli has

7  28 days to properly amend his complaint.  If Kohli fails to do so, the Court may dismiss his

8  case with prejudice.

## I. BACKGROUND

9

**A.   Kohli's Complaint**

10

11  Kohli alleges that the City is liable for civil rights violations, false imprisonment,

12  defamation, intentional infliction of emotional distress ("IIED"), and negligent infliction of

13  emotional distress ("NIED").  Dkt. No. 1 at 1.  Kohli brings his claims under 42 U.S.C. §

14  1983 and California Civil Code § 52.1, alleging that the SFPD wrongfully arrested and

15  detained him multiple times under California's Welfare and Institutions Code § 5150

16  without justification, labeled him a terrorist on the basis of his race and nationality,

17  committed police brutality by violating his liberty and civil rights, targeted him on multiple

18  occasions due to his race, nationality, and disability, misused their power, and knew that he

19  suffered from mental health problems.  *Id.* at 1-4, 6.  Kohli also alleges that the SFPD

20  falsely imprisoned him by taking his liberty.  *Id.* at 9.  Kohli further states that he was

21  defamed and evicted because the SFPD, believing that Kohli was a terrorist with explosives,

22  closed off Kohli's apartment building for over three hours and arrested him in front of his

23  neighbors and the community.  *Id.* at 8.  Finally, Kohli alleges that the City is liable for

24  IIED and NIED because Kohli lost his residence, reputation, and peace of mind, and

25  suffered emotional distress that made his mental health disability worse after the SFPD

26  intentionally harassed and embarrassed him in front of the community.  *Id.* at 9-10.

27  **B.   The City's Motion to Dismiss**

28  The City moves to dismiss all of Kohli's claims or, in the alternative, for a more

Case No. 13-cv-04305 NC
ORDER GRANTING MOTION TO                    2
DISMISS; ORDER TO SHOW CAUSE

definite statement.  Dkt. No. 9 at 5.  First, the City contends that Kohli's § 1983 claim

should be dismissed because Kohli fails to plead sufficient facts to show that a

constitutional violation occurred and Kohli fails to allege that a municipal practice or policy

caused the violation.  Dkt. No. 9 at 5.  Second, the City argues that Kohli's false

imprisonment claim should be dismissed because Kohli alleges insufficient facts to show

that an arrest occurred.  *Id.*  Even if an arrest occurred, the City argues that the facts alleged

in the complaint support probable cause for an arrest.  *Id.*  Finally, the City contends that the

defamation, IIED, and NIED claims should be dismissed because police officers and the

city are statutorily immune from such claims under California Government Code §§ 815.2

and 821.6.  *Id.*

**C.     Procedural History**

Kohli failed to respond to the City's motion to dismiss.  Kohli instead filed for

voluntary dismissal.  Dkt. No. 12.  The Court lacked jurisdiction to grant Kohli's motion for

voluntary dismissal because Kohli had not consented to the jurisdiction of a magistrate

judge.  Dkt. No. 13.  The Court therefore ordered Kohli to consent to or decline jurisdiction

within 28 days.  *Id.* at 2.  Kohli consented to the jurisdiction of a magistrate judge.  Dkt. No.

16.  Kohli then asked for a continuance of the motion hearing, claiming that he no longer

wished to dismiss his case, but that health problems prevented him from prosecuting the

case.  Dkt. No. 17.  The Court did not grant a continuance.  On January 8, 2014, Kohli

failed to appear at the hearing on the City's motion to dismiss.  Dkt. No. 19.

**D.     Jurisdiction**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 to hear Kohli's §

1983 claim and supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Kohli's state

law claims.  All parties have consented to the jurisdiction of a magistrate judge under 28

U.S.C. § 636(c).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of

what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted) (internal quotation marks omitted). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

### A.   Section 1983

Kohli alleges insufficient facts to state a claim under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *W. v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff alleging a municipal violation of § 1983 must further show that "action pursuant to official municipal policy of some nature caused the constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010).

Although Kohli concludes that he was wrongfully detained and discriminated against on the basis of race, nationality, and mental health disability, such conclusory allegations do not provide sufficient factual content to allow the Court to reasonably infer that a constitutional violation occurred. Facts specifying when Kohli was arrested and detained, where the incidents occurred, which officers were involved, how the events unfolded, and

1  the basis for alleging discriminatory conduct are absent from Kohli's complaint.  Further,

2  Kohli fails to allege that police conduct was the product of a municipal practice or policy

3  and does not provide factual support for such an allegation.  Without specific facts detailing

4  a particular incident and identifying a municipal policy, Kohli's complaint fails to plead a

5  plausible § 1983 claim from which relief can be granted.  The Court therefore grants the

6  City's motion to dismiss the § 1983 claim, but gives Kohli leave to amend if he can plead

7  facts showing that (1) a violation of the Constitution and laws of the United States occurred

8  and (2) a person acting under color of state law committed the violation pursuant to a

9  municipal practice or policy.

10  **B.    California Civil Code § 52.1**

11  Kohli fails to allege sufficient facts to plead a plausible claim under California Civil

12  Code § 52.1.  Section 52.1 provides a cause of action for persons who have suffered

13  interference with their rights under federal or California law:

14  > Any individual whose exercise or enjoyment of rights secured by the
   > Constitution or laws of the United States, or of rights secured by the
15  > Constitution or laws of this state, has been interfered with, or attempted to be
   > interfered with, as described in subdivision (a), may institute and prosecute in
16  > his or her own name and on his or her own behalf a civil action for damages,
   > including, but not limited to, damages under Section 52, injunctive relief, and
17  > other appropriate equitable relief to protect the peaceable exercise or enjoyment
   > of the right or rights secured.
18

19  Cal. Civ. Code § 52.1(b).  Kohli alleges the same facts to support his § 52.1 claim as he

20  does to support his § 1983 claim.  For the same reasons that the factual content is

21  insufficient to plead a § 1983 claim, it is also insufficient to plead a § 52.1 claim.  Because

22  Kohli does not allege facts with specificity, the Court is unable to make a reasonable

23  inference based on the complaint that a violation of federal or state law occurred.  The

24  Court therefore grants the City's motion to dismiss the § 52.1 claim, but gives Kohli leave

25  to amend if he can correct these factual deficiencies.

26  **C.    False Imprisonment**

27  Kohli alleges insufficient facts to plead false imprisonment.  Under California law, a

28  "[p]olice officer who makes an arrest without a warrant and without justification may be

Case No. 13-cv-04305 NC
ORDER GRANTING MOTION TO                5
DISMISS; ORDER TO SHOW CAUSE

held civilly liable for false arrest and imprisonment." *Dragna v. White*, 289 P.2d 428, 429-30 (Cal. 1955); *Asgari v. City of Los Angeles*, 937 P.2d 273, 281 (Cal. 1997) ("Under California law, a police officer may be held liable for false arrest and false imprisonment . . . ."). A city may be liable for false imprisonment if the officer acts within the scope of his employment when he falsely arrests a plaintiff. Cal. Gov't Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). In order to plead a cause of action for false imprisonment, a plaintiff must allege "that there was an arrest without process, followed by imprisonment and damages." *Dragna*, 289 P.2d at 430; *Asgari*, 937 P.2d at 281 ("The tort of false imprisonment is defined as the unlawful violation of the personal liberty of another. The confinement must be without lawful privilege." (citation omitted) (internal quotation marks omitted)).

Kohli fails to plead a false imprisonment claim that is plausible on its face. Kohli alleges the following: he was "wrongfully arrested and placed under 5150 detention multiple times by the [SFPD] with no reasonable justification"; the SFPD took his liberty by wrongfully arresting and detaining him; he was evicted as a result of police conduct; and the SFPD misused their power. Dkt. No. 1 at 1-2, 6. These allegations are insufficient for several reasons. First, Kohli's allegations are not specific enough to allow the Court to reasonably infer that instances of arrest and detention occurred. Missing from the complaint are facts regarding the time and location of arrests, which individuals were involved, and the circumstances surrounding the events. Second, Kohli's conclusory statement that detention occurred "with no reasonable justification" lacks factual support to show that officers acted without probable cause. Third, the complaint fails to adequately allege facts showing a causal relationship between the false imprisonment and damages from eviction, such as the proximity of the two events in time and dialogue between landlord and tenant showing that eviction occurred as a result of police conduct. Fourth, the complaint does not specify how and why Kohli suffered damages as a result of eviction.

1   Finally, Kohli fails to plead a plausible claim against the city because he does not allege that

2   the officers acted within the scope of their employment when they arrested and detained

3   Kohli and does not provide facts supporting such an allegation.  Because the factual content

4   of Kohli's complaint is insufficient to plausibly plead false imprisonment, the Court grants

5   the City's motion to dismiss the claim, but gives Kohli leave to amend if he can correct

6   these pleading deficiencies.

7   **D.    Defamation, IIED, and NIED**

8          Kohli alleges insufficient facts to plead plausible claims for defamation, IIED, and

9   NIED, but the Court gives leave to amend because it is not clear from the complaint that the

10  City is immune from liability for these causes of action under California Government Code

11  §§ 821.6 and 815.2.  Section 821.6 immunizes a public employee from liability "for injury

12  caused by his instituting or prosecuting any judicial or administrative proceeding within the

13  scope of his employment, even if he acts maliciously and without probable cause."  Cal.

14  Gov't Code § 821.6.  Section 815.2 immunizes public entities from liability when their

15  employees are immune from liability.  Cal. Gov't Code § 815.2(b) ("Except as otherwise

16  provided by statute, a public entity is not liable for an injury resulting from an act or

17  omission of an employee of the public entity where the employee is immune from

18  liability.").  Although the City correctly states that § 821.6 immunizes public employees

19  from liability for defamation, IIED, and NIED under certain circumstances, the cases cited

20  in the City's motion to dismiss, *Gillan v. City of San Marino* and *Asgari v. City of Los*

21  *Angeles*, are inapposite because they do not address the application of § 821.6 to

22  defamation, IIED, and NIED claims arising from arrests.  *Gillan v. City of San Marino*, 55

23  Cal. Rptr. 3d 158, 172-73 (Cal. Ct. App. 2007) (holding that § 821.6 immunized defendant

24  officers from liability for defamation and IIED arising from post-arrest press release);

25  *Asgari*, 937 P.2d at 283 (holding that § 821.6 immunized defendant officer from liability for

26  damages caused by plaintiff's post-arraignment incarceration).  The City is immune from

27  liability under §§ 821.6 and 815.2 only if arrests and 5150 detentions fit within the meaning

28  of "instituting or prosecuting any judicial or administrative proceeding."

Arrests do not generally constitute the "instituting or prosecuting" of judicial proceedings. *Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007). California courts have extended the meaning of "instituting or prosecuting" in § 821.6 to encompass the investigation of crime "[b]ecause investigation is an essential step toward the institution of formal proceedings[.]" *Amylou R. v. Cnty. of Riverside*, 34 Cal. Rptr. 2d 319, 321 (Cal. Ct. App. 1994) (internal quotation marks omitted). However, "section 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation." *Blankenhorn*, 485 F.3d at 488. Because arrests are generally considered to be independent of investigations, arrests do not normally fall within the meaning of "instituting or prosecuting" a judicial proceeding. *Id.* ("Because [plaintiff's] assault and battery, negligence, and intentional infliction of emotional distress claims are based on acts that allegedly happened during his arrest, not pursuant to an investigation into his guilt, section 821.6 does not confer immunity from those claims upon Defendants."); *Bell v. State*, 74 Cal. Rptr. 2d 541, 547 (Cal. Ct. App. 1998) (holding that § 821.6 did not apply to an arrest because the officers were merely executing a warrant, not investigating crime). One California court noted in dicta, however, that "an arrest could be considered to be part of the investigation leading up to a judicial proceeding," but the court provided no guidance as to when an arrest should be deemed part of an investigation. *Amylou R.*, 34 Cal. Rptr. 2d at 322 n.2. The City's statement of the law—that § 821.6 immunizes the City from liability for any injury resulting from an arrest—is therefore inaccurate. There is no *per se* rule that public entities are immune from liability if causes of action arise from an arrest.

Regardless, Kohli's complaint contains so few facts that it is unclear whether an arrest ever occurred or whether his defamation, IIED, and NIED claims arise from arrests, 5150 detentions, or other police conduct. To plead a plausible defamation claim, a plaintiff must allege facts showing "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 85 Cal. Rptr. 2d 397, 402 (Cal. Ct. App. 1999). To plead IIED, a plaintiff must allege facts showing "(1) extreme and outrageous conduct by the defendant with the

intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's . . . severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (internal quotation marks omitted). Because NIED is not an independent tort, but rather a type of negligence, a plaintiff pleading NIED must allege facts showing "duty, breach of duty, causation, and damages[.]" *Burgess v. Superior Court*, 831 P.2d 1197, 1200 (Cal. 1992).

Kohli's complaint contains insufficient factual content to plead the elements of defamation, IIED, and NIED. In support of these claims, Kohli alleges only that the SFPD intentionally harassed and embarrassed him in front of his community and that, as a result of police conduct, he lost his residence and suffered damages to his reputation, emotional well-being, and mental health. Dkt. No. 1, at 9-10. Kohli fails to specify when the SFPD made a statement about him, which officer made the statement, what the officer said, why the statement injured him, what kind of emotional distress he suffered, why police conduct was extreme and outrageous under the circumstances, how and why the events caused emotional distress, why the police owed him a duty of care, and how the police breached their duty of care. Because Kohli's complaint lacks sufficient factual specificity to plead the elements of defamation, IIED, and NIED, the Court grants the City's motion to dismiss those claims. However, because it is not clear that § 821.6 immunizes the City from liability on the facts of Kohli's complaint, the Court gives Kohli leave to amend if he can allege additional facts from which the court can reasonably infer that the City is liable for these claims.

## IV. ORDER TO SHOW CAUSE

The Court issues this order to address concerns regarding Kohli's failure to prosecute his case. Kohli did not respond to the City's motion to dismiss. He then moved for voluntary dismissal, but later retracted his motion. Dkt. Nos. 12, 17. Kohli then asked for a continuance, which the Court did not grant. Dkt. No. 17. On January 8, 2014, Kohli failed to appear for the City's motion hearing. Dkt. No. 19. Kohli must follow court rules, even

Case No. 13-cv-04305 NC
ORDER GRANTING MOTION TO
DISMISS; ORDER TO SHOW CAUSE

9

though he is not a lawyer. Kohli's failure to comply with court rules provides separate grounds for dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) ("The district court has the inherent power sua sponte to dismiss a case for lack of prosecution."). The Court therefore puts Kohli on notice that if he fails to properly amend his complaint within 28 days from this order or fails to comply with any court rule or order, the Court may dismiss his case with prejudice.

For guidance, Kohli may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Legal Help Center, which provides information and limited-scope legal advice to pro se litigants in civil cases. The Legal Help Center requires an appointment, which can be made by calling (415) 782-8982.

## V. CONCLUSION

For the foregoing reasons, the Court grants the City's motion to dismiss as to all claims, but gives Kohli leave to amend within 28 days if he can allege facts with enough specificity to allow the court to reasonably infer that the City is liable for the claims alleged. If Kohli does not properly amend his complaint within 28 days, the Court may dismiss his case with prejudice. Because the Court grants the City's motion to dismiss, the Court denies the City's motion for a more definite statement as moot. Finally, the Court sets a further case management conference for 10:00 a.m. on April 2, 2014. A joint case management conference statement is due on March 31, 2014.

IT IS SO ORDERED.

Date: January 28, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge